Don Springmeyer, NSB No. 1021
Bradley Schrager, NSB No. 10217
**WOLF, RIFKIN, SHAPIRO,**
**SCHULMAN & RABKIN, LLP**
3556 E. Russell Road, 2nd Floor
Las Vegas, Nevada 89120-2234
Tel: (702) 341-5200
Fax: (702) 341-5300
dspringmeyer@wrslawyers.com
bschrager@wrslawyers.com

Patrick Madden (pro hac to be filed)
**BERGER & MONTAGUE, P.C.**
1622 Locust Street
Philadelphia, Pennsylvania 19103
Tel: (215) 875-3000
Fax: (215) 875-4604
pmadden@bm.net

Stuart McCluer, (pro hac to be filed)
**MCCULLEY MCCLUER PLLC**
1022 Carolina Blvd., Ste. 300
Charleston, SC 29451
Tel: (855) 467-0451
Fax: (662) 368-1506
smccluer@mcculleymccluer.com

*Attorneys for Plaintiffs and the proposed Classes*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| PRISCILLA HERNANDEZ, an individual; ABIGAIL ROBINSON, an individual; and TIFFANI WASHINGTON, an individual, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs*,*<br><br>v.<br><br>FP HOLDINGS, LP,  a Nevada limited partnership  d/b/a Palms Casino Resort; FIESTA PARENTCO, LLC, a Nevada limited liability company; STATION CASINOS, LLC, a Nevada limited liability company; NP PALACE, LLC, a Nevada domestic limited liability company d/b/a Palace Station Hotel & Casino; RED ROCK RESORTS, INC., a Delaware corporation,<br><br>        Defendants. | **CLASS ACTION COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**<br><br><br>**JURY TRIAL DEMANDED** |

        Plaintiffs,   PRISCILLA   HERNANDEZ,   ABIGAIL   ROBINSON   and   TIFFANI

WASHINGTON, ("Plaintiffs"), individually and on behalf of all others similarly situated, by and through the undersigned counsel, state and allege as follows:

## I.    NATURE OF ACTION AND SUMMARY

1.    Defendants charge overnight guests a mandatory, per-night Resort Fee which includes wired and wireless Internet access, an in-room coffee and tea maker, and all local phone calls ("Resort Fee"). The Resort Fee is incurred by all overnight guests visiting Defendants' properties regardless of whether the goods or services included in the Resort Fee are used. Generally, even if an overnight guest's room charge has been "comped" (i.e., provided for free), the guest is still required to pay the Resort Fee and any taxes applied to the Resort Fee.

2.    The primary good, service, or amenity of value included in Defendants' Resort Fee is the provision of Internet access.

3.    When charging Plaintiffs and members of the Classes a Resort Fee that included Internet access, Defendants applied the Clark County Combined Transient Lodging Tax, as set forth in Clark County Code Chapter 4.08, to the entire amount of the Resort Fee, which includes the portion of the Resort Fee that constitutes charges for Internet access.

4.    As of 1998, the Internet Tax Freedom Act ("ITFA"), P.L. 105-277, Div. C, Title XI § 1100 (Oct. 21, 1998), 112 Stat. 2681-719 (enacted as statutory note to 47 U.S.C. § 151, as amended), imposed a national moratorium on the taxation of Internet access by States and their political subdivisions.

5.    Upon information and belief, and in recognition of the ITFA's moratorium on the taxation of Internet access, prior to Defendants' implementation of Resort Fees, Defendants did not charge overnight guests any tax, including the Clark County Combined Transient Lodging Tax, on "stand-alone" purchases of Internet access.

6.     Despite the ITFA's prohibition on the taxation of Internet access, Defendants improperly and illegally charged their overnight guests the Clark County Combined Transient Lodging Tax on the entire Resort Fee, including the portion of the Resort Fee that constitutes charges for Internet access.

7.     Pursuant to Clark County Code §§ 4.08.040 and 4.08.055, Defendants are entitled to keep as a "discount" two (2) percent of the Clark County Combined Transient Lodging Tax that they collect, and must remit the remainder to the Clark County Department of Business Licensing ("Department").

8.     As a result of their unlawful actions, Defendants improperly collected from Plaintiffs and the Classes, upon information and belief, millions of dollars in illegal and improper taxes on charges for Internet access in violation of the ITFA, and, upon information and belief, retained two percent of the amount unlawfully collected.

9.     Through this action, Plaintiffs seek damages and restitution, on behalf of themselves and the Classes, for the total amount of taxes Defendants unlawfully charged and collected on the portion of the Resort Fees that constitutes charges for Internet access.  Plaintiffs do not challenge the mere collection of Resort Fees or the manner in which Resort Fees were disclosed.  Plaintiffs also do not seek to enjoin, suspend, or restrain the assessment, levy, or collection of the Clark County Combined Transient Lodging Tax by Clark County or the State of Nevada.

## II.     JURISDICTION AND VENUE

10.     This Court has jurisdiction over this action under 28 U.S.C. § 1332, because Plaintiffs' claims arise under federal law, namely the ITFA, codified at 47 U.S.C. § 151, *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*

11.    This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367, because the state law claims arise from the same case or controversy as the claims that arise under federal law.

12.    This Court has personal jurisdiction over each Defendant because Defendants' acts giving rise to the claims alleged herein took place in Nevada.

13.    Venue is proper in this District under 28 U.S.C. §§ 1391(b) because this Complaint arises from Defendants' illegal imposition of taxes on charges for Internet access sold to overnight guests at the hotels operated by Defendants located in Clark County, Nevada.

### III.    THE PARTIES

**A. Plaintiffs**

14.    Plaintiff PRISCILLA HERNANDEZ, a citizen of California, stayed at Palms Casino Resort on August 5 – 6, 2017, and was charged the Clark County Combined Transient Lodging tax on the total Resort Fee of $31.99 ($31.99 daily) charged by Palms Casino Resort for goods and services that included Internet access.  The charges for Internet access included in the Resort Fee paid by Plaintiff and on which Plaintiff paid the Clark County Combined Transient Lodging tax, have a monetary value that is less than the full amount of the Resort Fee paid, but greater than $0, and, upon information and belief, can be reasonably identified from Defendants' books and records kept in the regular course of business. Plaintiffs Abigail Robinson and Priscilla Hernandez, are collectively referred to herein as the "Palms Resort Plaintiffs."

15.    Plaintiff ABIGAIL ROBINSON, a citizen of Illinois, stayed at Palms Casino Resort on April 17 – 21, 2015, and again on April 28 – May 1, 2017, and was charged the Clark County Combined Transient Lodging tax on the total Resort Fee of $195.97 ($25.00 daily in 2015, and $31.99 daily in 2017) charged by Palms Casino Resort for goods and services that

included Internet access.  The charges for Internet access included in the Resort Fees paid by Plaintiff, and on which Plaintiff paid the Clark County Combined Transient Lodging tax, have a monetary value that is less than the full amount of the Resort Fee paid, but greater than $0, and, upon information and belief, can be reasonably identified from Defendants' books and records kept in the regular course of business.

16.    Plaintiff TIFFANI WASHINGTON, a citizen of California, stayed at Palace Station Hotel & Casino ("Palace Station") on February 8 – 11, 2015, and was charged the Clark County Combined Transient Lodging tax on the total Resort Fee of $44.97 ($14.99 daily) charged by the Palace Station for goods and services that included Internet access.  The charges for Internet access included in the Resort Fees paid by Plaintiff and on which Plaintiff paid the Clark County Combined Transient Lodging tax, have a monetary value that is less than the full amount of the Resort Fee paid, but greater than $0, and, upon information and belief, can be reasonably identified from Defendants' books and records kept in the regular course of business. Plaintiff Tiffany Washington is referred to herein as the "Palace Station Plaintiff."

**B.  Defendants**

17.    Defendant FP HOLDINGS, LP, is a domestic limited partnership  doing business in the State of Nevada as Palms Casino Resort (the "Palms Resort").  Upon information and belief, FP HOLDINGS, LP, together with Defendants Fiesta Parentco, LLC, Station Casinos, LLC and Red Rock Resorts, Inc. (the "Palms Defendants"), own and operates Palms Resort (located at 4321 Flamingo Road, Las Vegas, Nevada 89103).

18.    Defendant FIESTA PARENTCO, LLC is a Delaware limited liability company registered to do business in Nevada. Fiesta Parentco, LLC is the general partner of Defendant FP Holdings, LP, and, as such, is liable for the business debts of FP Holdings, LP and/or the Palms

Resort.

19.     Defendant NP PALACE, LLC, is a domestic limited liability company doing business in the State of Nevada as Palace Station Hotel & Casino ("Palace Station") located at 2411 West Sahara Avenue, Las Vegas, Nevada 89102.  Upon information and belief, NP PALACE, LLC, together with Defendants Station Casinos LLC and Red Rock, Inc. (the "Palace Station Defendants"), own and operate the Palace Station.

20.     Defendant STATION CASINOS LLC ("Station Casinos") is a domestic limited liability company and the managing member of Defendant NP Palace, LLC. Upon information and belief, Station Casinos is the corporate parent of NP Palace, LLC, and FP Holdings, LP. Together with other Defendants, Station Casinos owns and operates Palms Resort and Palace Station.

21.     Defendant RED ROCK RESORTS INC., ("Red Rock) is a Delaware corporation with its principal place of business at 1505 S. Pavilion Center Dr., Las Vegas, NV 89135.  Upon information and relief, Red Rock manages and owns a significant indirect equity interest in Defendant STATION CASINOS, LLC, as the parent corporation.  Together with other Defendants, Red Rock owns and operates Palms Resort and Palace Station.

## IV.    FACTUAL ALLEGATIONS

### A.    The Clark County Combined Transient Lodging Tax

22.     The Clark County Combined Transient Lodging Tax imposes a tax on the "gross receipts" received by "Resort hotels" from occupants of a "transient lodging establishment." The Clark County Code defines "gross receipts" to include the total amount of "rent" received and any forfeited deposits valued in money.  § 4.08.005(8).  The Clark County Code defines "rent" as "the amount charged for a sleeping room/space in a transient lodging establishment," including,

*inter alia*, "payment processing fees, check-in fees, accommodation fees, facility fees, access fees, charges for additional overnight guests, late check-out fees, and utility surcharges." § 4.08.005(17).  The General Information Guide for Transient Lodging Establishments published by the Clark County Department of Business License states that an "Internet Access Fee (not mandatory with room rental)" is "non-rent" and, therefore, is not subject to the Clark County Combined Transient Lodging Tax.

23.    Palms Resort and Palace Station are "Resort hotels" as defined by the Clark County Code § 4.08.005(18).  From the beginning of the Class Period[1] through January 14, 2017, the Clark County Combined Transient Lodging Tax applicable to Resort hotels including Palms Resort and Palace Station  was 12 percent.  *See* Clark County Code 4.08.010, Table 4.08.010(a).  From January 15 through February 28, 2017, the Clark County Combined Transient Lodging Tax applicable to Resort hotels was 12.5 percent.   On March 1, 2017, the Clark County Combined Transient Lodging Tax applicable to Resort hotels that are within the "primary gaming corridor" area, as defined by Clark County Code § 4.08.005(16), increased to 13.38 percent.

24.    Defendants are responsible for paying the Combined Transient Lodging Tax. Clark County Code § 4.08.010 states that the transient lodging tax "shall be collected from every operator," and "constitutes a debt owed by the operator."

25.    While the tax "*may* be collected from the paying transient guests," "[t]he operator is liable to Clark County for the tax whether or not it is actually collected from the paying transient guest." Clark County Code § 4.08.010(c) (emphasis added).

26.    Because Defendants are responsible for paying the Combined Transient Lodging

---

[1] The "Class Period" is defined as the period beginning 4 years before date of filing until such time the illegal conduct alleged herein has ceased.

Tax, they were acting for their own benefit, and not as agents of Clark County, when they charged Plaintiffs and the Classes the tax.

27.     The Clark County Code permits hotel operators to reduce their tax liability under § 4.08.010 by retaining 2 percent for themselves, as an incentive for timely remission to the taxing authorities.

28.     Defendants are required to refund any tax amounts wrongfully collected from Plaintiffs and the Classes.  Clark County Code § 4.08.055(c) states: "The operator *shall* refund any over-collection of the combined transient lodging tax to the occupant from whom it was incorrectly collected."  (Emphasis added).  Clark County Code § 4.08.005(18) defines "shall" to mean "must and is mandatory."

**B.     The ITFA Prohibits Defendants from Charging Taxes on Internet Access**

29.     In 1998, the ITFA imposed a national moratorium on states and their political subdivisions from imposing any new taxes on Internet access:

(a) Moratorium.—No State or political subdivision thereof may impose any of the following taxes:

(1) Taxes on Internet access.

ITFA § 1101(a)(1).

30.     Following a series of extensions which maintained the ITFA on a continuous basis, on July 15, 2014, the United States House of Representatives ("House") voted to pass the Permanent Internet Tax Freedom Act (H.R. 3086; 113th Congress) ("PITFA"), a bill that amended the ITFA to make permanent the ban on state and local taxation of Internet access, among other things.  On June 9, 2015, the House voted and approved H.R. 235, the PITFA, which makes permanent the ban on federal, state, and local taxation of email and Internet access originally enacted in the ITFA.  PITFA was passed by Congress and the ITFA became

permanent law on February 24, 2016.  The ITFA's moratorium on the taxation of Internet access has been continuous from 1998 to the present, subject to the exceptions provided for in the ITFA, none of which are applicable to the Defendants.

31.    The ITFA defines "Internet" to "mean[] collectively the myriad of computer and telecommunications facilities, including equipment and operating software, which comprise the interconnected world-wide network of networks that employ the Transmission Control Protocol/Internet Protocol, or any predecessor or successor protocols to such protocol, to communicate information of all kinds by wire or radio."  ITFA § 1105(4).

32.    The ITFA provides for two general categories of exceptions for the provision of "Internet access services": (1) a so called "grandfather" exception; and (2) limited exceptions for Internet Service Providers.

33.    The grandfather provision provides that the ITFA does not prohibit states and their political subdivisions from imposing a tax on Internet access if the tax was "generally imposed and actually enforced prior to October 1, 1998."  ITFA § 1104.  The grandfather clause originally permitted 13 states, later reduced to seven, that directly taxed Internet access in 1998 – Hawaii, New Mexico, North Dakota, Ohio, South Dakota, Texas, and Wisconsin – to continue to do so.  Neither the Defendants nor Clark County generally imposed and actually enforced a tax on Internet access prior to October 1, 1998.  Upon information and belief, prior to bundling Internet access with the goods and services included in the Resort Fee, Defendants did not impose a tax on the sale of Internet access.

34.    Neither the Defendants nor the Clark County Combined Transient Lodging Tax meet the "grandfather" exception to the ITFA because, among other things, the tax is not now, nor has it ever been, a tax on Internet access or included a tax on Internet access that is

"generally imposed."  Clark County Code § 1104(a)(1).  Furthermore, neither the State of Nevada nor Clark County has "generally collected" tax on Internet access or made any "rule or other public proclamation" that the Clark County Combined Transient Lodging Tax applies to Internet access services.  *Id*. § 1104(a)(1)(B).

35.    Additionally, neither the Defendants nor the Clark County Combined Transient Lodging Tax meet the grandfather exception to the ITFA because, among other things, the Clark County Combined Transient Lodging Tax rates at issue in this Action were enacted after October 1, 1998.  *See* ITFA § 1104.  The 12 percent Clark County Combined Transient Lodging Tax was enacted on June 2, 2009.  *See* Clark County Ord. No. 3774, § 1, Jun. 2, 2009.[2] The 12.5 and 13.38 percent Clark County Combined Transient Lodging Taxes were both enacted in November 2016.  *See* Clark County Ord. No. 4448, § 2, Nov. 15, 2016.[3] The 12.5 percent tax became effective January 15, 2017, and the 13.38 percent tax became effective March 1, 2017.  *Id*.

36.    Defendants do not fall within the scope of the exceptions for Internet Service Providers because they are not telecommunications carriers engaged in the provision of a telecommunication service, persons engaged in the business of providing an Internet access service; persons engaged in the business of providing an Internet information location tool; or similarly engaged in the transmission, storage, retrieval, hosting, formatting, or translation of a communication made by another person, without selection or alteration of the communication, within the meaning of the ITFA. *See* ITFA § 1101(d).

---

[2] *Available at* http://www.clarkcountynv.gov/business-license/audit/Documents/Ordinance%203774%20-%20Trans%20Lodging%20Tax%20Increase%20passed%206-2-09.pdf (last accessed Jan. 17, 2018).

[3] *Available at* http://clark.granicus.com/MetaViewer.php?view_id=17&clip_id=5047&meta_id=1035901 (last accessed Jan 17, 2018).

37.     The ITFA specifically mandates that where a business can, as Defendants can here, reasonably identify the portion of the bundle that constitutes charges for Internet access, the business may not tax the entire bundle: "If charges for Internet Access are aggregated with and not separately stated from the charges for telecommunications or other charges that are subject to taxation, then the charges for Internet access may be subject to taxation unless the Internet access provider can reasonably identify the charges for Internet access from its books and records kept in the regular course of business." ITFA § 1106(a).

38.     Defendants can reasonably identify the portion of their charged Resort Fee that constitutes charges for Internet access.  Indeed, as alleged more fully below, immediately prior to bundling Internet access in the Resort Fee, Defendants assessed a fixed charge for Internet access on a stand-alone basis—and did not charge any tax on this discrete charge.  Therefore, bundling Internet access into a Resort Fee that is mandatory with a room rental does not render the portion of the Resort Fee that constitutes Internet access taxable.

**C.     Defendants Did Not Charge Tax for Internet Access before Internet Access Was Included in Their Resort Fee**

39.     Upon information and belief, Defendants are aware that the ITFA bars application of any tax to charges for Internet access paid by Plaintiffs and members of the Classes.

40.     Upon information and belief, as required by the ITFA, Defendants did not charge any tax (including the Combined Transient Lodging Tax), on the charges for Internet access paid by overnight guests before Defendants bundled charges for Internet access into their Resort Fee.

**D.     Defendants Improperly Charged and Collected Tax on the Portion of Their Resort Fee That Constitutes Charges for Internet access**

41.     The introduction of "resort fees" charged by hotels and resorts in the United States began as a way for hotel owners and operators to increase revenues.

11

42.     Properties in Las Vegas, such as Defendants, were among the first to realize that the demand for Wi-Fi and Internet access was increasing and that, by bundling Internet access into a mandatory Resort Fee that included other goods and services that were of lesser value and were otherwise previously provided for free, they could increase their profits by charging a high mandatory per-night fee.

43.     In an attempt to generate more revenues from Plaintiffs and members of the Classes, Defendants have been bundling Internet access charges into Resort Fees that included other goods and services of minimal value.

44.     The charges for Internet access included in the Resort Fee charged by Defendants and on which Plaintiffs and the Classes paid the Clark County Combined Transient Lodging Tax, have a monetary value that is less than the full amount of the Resort Fee paid, but greater than $0, and, upon information and belief, can be reasonably identified from Defendants' books and records kept in the regular course of business.

**a.      Palms Resorts**

45.     Palms Casino Resort has 703 rooms.

46.     As set forth in the following image from the Palms Resort's website,  the Resort Fee includes "High speed internet access. . ."

> • Palms Casino Resort will apply a daily resort fee of $36.27(tax inclusive) per night to all reservations. The resort fee will include the following hotel services: High speed internet service, access to the Palms Cardio Center & Palms Place Fitness Center, expanded shuttle service hours to and from Forum Shops on Las Vegas Blvd, and daily newspaper (available at select locations).

47.     Palms Resort currently charges Palms Resort overnight guests a $31.99 daily Resort Fee, plus tax on the full amount of the Resort Fee, including the portion that constitutes charges for Internet access.

48.     As set forth in the following image from the Palms Resort's website for a sample room quotation, Palms Resort currently charges the 13.38% amount of the Clark County Combined Transient Lodging Tax on its $31.99 Resort Fee.



**b.     Palace Station**

49.     Palace Station has 1,028 rooms.

50.     As set forth in the following image from Palace Station's website, Palace Station's Resort Fee includes "In room Internet Access. . ."



51.     Palace Station currently charges Palace Station overnight guests a $21.99 daily Resort Fee, plus tax on the full amount of the Resort Fee, including the portion that constitutes charges for Internet access.

52.     As set forth in the following image from Palace Station's website for a sample room quotation, Palace Station currently charges the 13.38% amount of the Clark County Combined Transient Lodging Tax on its $21.99 Resort Fee.

13

| PRICE SUMMARY: | |
|---|---|
| Room Total: | $138.99 |
| Tax: | $18.60 |
| Resort Fee Total: | $24.93 |
| Reservation Total: | $182.52 |

**E.    The ITFA Requires that Defendants Identify the Amount of Their Resort Fees that Are for Non-Taxable Internet Access and Apply the Combined Transient Lodging Only to the Taxable Amount.**

53.    After bundling internet access into their Resort Fees, Defendants began charging Plaintiffs and members of the Classes the Clark County Combined Transient Lodging tax on these amounts.

54.    Defendants can reasonably identify the portion of their Resort Fees that constitutes Internet access.

55.    Accordingly, Defendants violated the ITFA by failing to identify the amount of their Resort Fees that constitutes internet access, subtracting this amount from their Resort Fees, and then charging Plaintiffs and members of the Classes the Clark County Combined Transient Lodging Tax on this reduced amount.

56.    Defendants' actions resulted in Plaintiffs and members of the Classes paying millions of dollars in unlawful and erroneous taxes.

**F.    The ITFA Requires Defendants to Identify the Amount of Their Resort Fees that Are Attributable to Internet Access and to Apply the Combined Transient Lodging Tax Only to the Portion of the Resort Fee that Includes Taxable Goods and Services Which Excludes Internet Access.**

57.    With the bundling of Internet access into their Resort Fees, Defendants have been charging Plaintiffs and members of the Classes the Clark County Combined Transient Lodging tax on the entire amount of the Resort Fee, notwithstanding the fact that Internet access comprised the most valuable service in the bundle.

14

58.     Defendants can reasonably identify the portion of their Resort Fees that constitutes Internet access.  Accordingly, Defendants violated and continue to violate the ITFA by failing to identify the portion of their Resort Fees that constitutes Internet access, subtracting this amount from their Resort Fees, and then charging Plaintiffs and members of the Classes the Clark County Combined Transient Lodging Tax on the taxable portion.

59.     As a result of Defendants' conduct, Plaintiffs and members of the Classes paid unlawful and erroneously-charged taxes on Internet access in violation of the ITFA.

## V.     CLASS ACTION ALLEGATIONS

60.     The Palms Resort Plaintiffs bring this action individually and as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of the following proposed Class ("Palms Resort Class"):

> **Palms Resort Class:** All persons and entities that paid the Clark County Combined Transient Lodging tax on the portion of the Resort Fee charged by Palms Resort that constitutes charges for Internet access, during the period beginning February 9, 2014 until such time the illegal conduct alleged herein has ceased.

61.     The Palace Station Plaintiff brings this action individually and as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of the following proposed Class ("Palace Station Class"):

> **Palace Station Class:** All persons and entities that paid the Clark County Combined Transient Lodging tax on the portion of a Resort Fee charged by Palace Station  that constitutes charges for Internet access, during the period beginning February 9, 2014 until such time the illegal conduct alleged herein has ceased.

62.     The proposed Palms Resort and Palace Station Classes are referred to collectively herein as the "Classes."

63.     Excluded from the Classes are the Court and its employees, Defendants, any parent, subsidiary, or affiliate of Defendants, and all employees and directors who are or have

been employed by Defendants during the relevant time period. Plaintiffs reserve the right to amend the Class definitions prior to moving for class certification.

64.    Plaintiffs seek to represent the Classes for any damages and injunctive relief, and assert their claims on behalf of themselves and the Class members they seek to represent.

65.    The numerosity requirement of Rule 23(a)(1) is satisfied here because the members of the proposed Classes are so numerous and geographically dispersed that joinder of all its members is impracticable. Although the exact number of Class members is unknown at this time, there are believed to be thousands of Class members. Therefore, the numerosity requirement of Rule 23(a)(1) is met.

66.    The commonality requirement of Rule 23(a)(2) is satisfied because there are questions of law or fact common to Plaintiffs and the Class members, including:

(a)    Whether Defendants charging the Clark County Combined Transient Lodging Tax on Internet access charges bundled within Resort Fees violated the ITFA;

(b)    Whether Defendants can reasonably identify the portion of their Resort Fees that constitute charges for Internet access;

(c)    The proper measure and appropriate formula to be applied in determining damages for the injuries sustained by the Classes; and

(d)    Whether Plaintiffs and the Class members are entitled to declaratory, injunctive, or other equitable relief.

67.    The "typicality" requirement of Rule 23(a)(3) is satisfied here because the claims arise from the same course of conduct by Defendants and are based on the same legal theories. Further, Plaintiffs seek the same forms of relief for themselves as they seek for the other Class members. Consequently, Plaintiffs have every incentive to vigorously pursue their claims.

Plaintiffs have no conflicts with, or interests antagonistic to, the Class members, who have been damaged as a result of the same conduct as Plaintiffs. Plaintiffs are committed to the vigorous prosecution of this action, which is reflected in Plaintiffs' retention of competent counsel experienced in complex and challenging litigation.

68.    Plaintiffs' counsel have identified and thoroughly investigated the claims set forth herein, and are highly experienced in the management and litigation of class actions and complex litigation. Plaintiffs' counsel have extensive knowledge of the applicable law and possess the resources to commit to the vigorous prosecution of this action on behalf of Plaintiffs and the Class members. Accordingly, Plaintiffs satisfy the adequacy of representation requirements of Rule 23(a)(4).

69.    This action also meets the requirements of Rule 23(b)(2).  Defendants have acted, or refused to act, on grounds generally applicable to Plaintiffs and the Class members, making final injunctive relief or corresponding declaratory relief with respect to the proposed Classes appropriate.

70.    This action satisfies the predominance, superiority, and manageability requirements of Rule 23(b)(3). Common questions of law and fact, including those set forth above, exist as to all Class members' claims. These common questions predominate over questions affecting only individual Class members. A class action is superior – if not the only method – for the fair and efficient adjudication of this controversy. Class treatment will permit large numbers of injured persons similarly situated to prosecute their respective claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of evidence, effort, and expense that numerous individual actions would produce. This action is manageable as a class action.

## VI.    <u>CLAIMS FOR RELIEF</u>

71.    For all Causes of Action set forth below:

(a) Palms Resort Plaintiffs bring all claims individually and on behalf of the Palms Resort Class against Palms Resort Defendants; and,

(b) Palace Station Plaintiff brings all claims individually and on behalf of the Palace Station Class against Palace Station Defendants.

### FIRST CAUSE OF ACTION
### Violation of the Internet Tax Freedom Act

72.    Plaintiffs repeat and reallege paragraphs 1-71 as though fully set forth herein.

73.    The ITFA as amended, bars states and their political subdivisions from imposing taxes on Internet access and requires businesses to disaggregate charges for Internet access from other fees subject to taxation when calculating and collecting tax due.

74.    Despite the prohibition on taxation of Internet access, Defendants improperly and illegally applied the Clark County Combined Transient Lodging Tax on the portion of the Resort Fees that constitutes charges for Internet access.

75.    Defendants could and can reasonably identify the amounts that they charged and continue to charge Plaintiffs and the Classes for Internet access but, in violation of the ITFA, failed and continue to fail to subtract that amount from their Resort Fees when calculating and applying the Clark County Combined Transient Lodging Tax due on the taxable portion of their Resort Fees.

76.    As a result of Defendants' violations of the ITFA, Plaintiffs and the Classes were damaged in the amount of the Clark County Combined Transient Lodging Tax that they paid on the value of Internet access included in the Resort Fee, together with interest on that amount.

/ / /

## SECOND CAUSE OF ACTION
### Violation of the Clark County Code, Section 4.08.005, *et seq*.

77.     Plaintiffs repeat and reallege paragraphs 1-76 as though fully set forth herein, and bring this Cause of Action against Defendants, respectively, as set forth in paragraph 71(a)&(b).

78.     Section 4.08.055 of the Clark County Code states that the "[t]he operator [of a hotel] shall refund any over-collection of the combined transient lodging tax to the occupant."

79.     Defendants are "operators" within the meaning of the Clark County Code.

80.     Plaintiffs and members of the Class are "occupant[s]" within the meaning of the Clark County Code.

81.     Defendants charged, and Plaintiffs and the Classes paid, the Clark County Combined Transient Lodging Tax on the portion of the Resort Fee that constitutes charges for Internet access.

82.     Defendants could and can reasonably identify the amounts they charged Plaintiffs and the Classes for Internet access but, in violation of the ITFA, failed and continue to fail to subtract that amount from their Resort Fee when calculating and applying the Clark County Combined Transient Lodging Tax due on the taxable portion of their Resort Fee.

83.     The ITFA prohibits states and their political subdivisions from imposing taxes on charges for Internet access and requires businesses, like Defendants, to disaggregate charges for Internet access from other taxable charges when calculating and collecting tax from customers such as Plaintiffs and the Classes.

84.     Tax amounts collected from Plaintiffs and the Classes by Defendants for Internet access were "over-collected," and Defendants are required to refund those amounts to Plaintiffs and the Classes.

85.     In violation of §4.08.055 of the Clark County Code, Defendants have not

refunded the tax amounts that they over-collected on charges for Internet access to Plaintiffs and the Classes.

86.    As a result of Defendants' violations of the Clark County Code, Plaintiffs and the Classes were damaged in the amount of Clark County Combined Transient Lodging Tax charged by Defendants for Internet access, together with interest on that amount.

**THIRD CAUSE OF ACTION**
**Violations of the Nevada Deceptive Trade Practices Act, NEV. REV. STAT. §§ 598.0903, *et seq*., Pursuant to NEV. REV. STAT. § 41.600**

87.    Plaintiffs repeats and reallege paragraphs 1-86 as though fully set forth herein and bring this Cause of Action against Defendants, respectively, as set forth in paragraph 71(a)&(b).

88.    The Nevada Deceptive Trade Practices Act ("Nevada DTPA"), NEV.REV.STAT. § 598.0903, *et seq*., prohibits deceptive trade practices.

89.    NEV.REV.STAT. § 598.0923 provides that a person engages in a "deceptive trade practice" if, in the course of business or occupation, the person "[v]iolates a state or federal statute or regulation relating to the sale or lease of goods or services."

90.    Defendants engaged in deceptive trade practices in violation of the Nevada DTPA by charging Plaintiffs and the Classes tax on Internet access in violation of a federal statute or regulation relating to the sale or lease of goods or services, namely, the ITFA.

91.    NEV.REV.STAT. § 41.600 provides a cause of action to any person who is injured by a violation of a deceptive trade practice as defined by the Nevada DTPA.

92.    Defendants' violations as set forth above occurred in the course of business; specifically in the course of renting hotel rooms to Plaintiffs and the Classes.

93.    Plaintiffs and the Classes suffered ascertainable losses caused by Defendants' violations of the Nevada DTPA, namely overpayment of taxes resulting from Defendants'

application of the Clark County Combined Transient Lodging Tax to the portion of their Resort Fees that constitute charges for Internet access.

94.    Defendants' violations of the Nevada DTPA are continuing, and, if not enjoined, present a continuing risk to Plaintiffs, the Classes, and the general public.

95.    As a direct and proximate result of Defendants' violations of the Nevada DTPA, Plaintiffs and the Classes have suffered injury-in-fact and/or actual damage.

96.    Accordingly, Plaintiffs and the Classes seek their actual damages, punitive damages, an order enjoining Defendants' deceptive acts or practices, attorney's fees and costs, and all other appropriate and available remedies under the Nevada Deceptive Trade Practices Act and NEV. REV. STAT. § 41.600.

### FOURTH CAUSE OF ACTION
**Contractual Breach of the Implied Covenant of Good Faith and Fair Dealing**

97.    Plaintiffs repeat and reallege paragraphs 1-96 as though fully set forth herein, and bring this Cause of Action against Defendants, respectively, as set forth in paragraph 71(a)&(b).

98.    As set forth above, Plaintiffs and the Classes entered into contracts with Defendants to pay Resort Fees to Defendants in exchange for the provision of goods and services, including Internet access.

99.    Pursuant to those contracts, Plaintiffs and the Classes paid Defendants' Resort Fees and charges listed by Defendants as taxes on those Resort Fees.

100.    In charging taxes on Resort Fees, Defendants created the objectively justified expectation that all charges designated as taxes were valid and compliant with all relevant laws and regulations.

101.    Despite the prohibition on state and local taxes imposed by the ITFA, Defendants charged Plaintiffs and members of the proposed Classes taxes on charges for Internet access in

violation of the ITFA.

102.    In so doing, Defendants breached their duties of good faith and fair dealing in the performance and execution of their contracts with Plaintiffs and members of the Classes.

103.    As a result of the breaches of good faith and fair dealing, Plaintiffs and the Classes were damaged in the amount of the taxes charged by Defendants on amounts paid for Internet access, together with interest on the money which Defendants have wrongly charged Plaintiffs and the Classes.

**FIFTH CAUSE OF ACTION**
**Money Had and Received**

104.    Plaintiffs repeat and reallege paragraphs 1-103 as though fully set forth herein, and bring this Cause of Action against Defendants, respectively, as set forth in paragraph 71(a)&(b).

105.    As set forth above, Defendants collected from Plaintiffs and the Classes tax amounts in excess of that required to be collected under the Clark County Code.

106.    Pursuant to Clark County Code §§ 4.08.040 and 4.08.055, Defendants are entitled to retain two (2) percent of the taxes collected from Plaintiffs and the Classes for charges for Internet access and must remit the remainder to the Department.

107.    By doing so, Defendants received money from Plaintiffs and the Classes to which they had and have no right at law or in equity.

108.    It would be inequitable for Defendants to retain any such monies that they had no legal right to charge and they ought to in equity and good conscience return such money to Plaintiffs.

/ / /

/ / /

**SIXTH CAUSE OF ACTION**
**Conversion**

109.    Plaintiffs repeat and reallege paragraphs 1-108 as though fully set forth herein, and bring this Cause of Action against Defendants, respectively, as set forth in paragraph 71(a)&(b).

110.    Defendants wrongfully exerted control over the personal property of Plaintiffs and the Classes, such property being the specific sums of money that Defendants overcharged Plaintiffs and the Classes by applying the Clark County Combined Transient Lodging Tax to the portion of Resort Fees that constitute charges for Internet access, in violation of the ITFA.

111.    Defendants' control over these specific sums of money was in denial of, inconsistent with, in derogation of, to the exclusion of, and in defiance of the rights of Plaintiffs and the Classes to these specific sums of money.

112.    Despite the requirement in the Clark County Code that Defendants "refund any over-collection of the combined transient lodging tax to" Plaintiffs and the Classes, Defendants have failed to return the specific sums of money that they over-collected from Plaintiffs and the Classes.

113.    Plaintiffs and the Classes have been damaged by Defendants' conversions in the amounts that Defendants overcharged them by applying and collecting the Clark County Combined Transient Lodging Tax to the portion of Resort Fees that constitute charges for Internet access.

**SEVENTH CAUSE OF ACTION**
**Unjust Enrichment**

114.    Plaintiffs repeat and reallege paragraphs 1-113 as though fully set forth herein, and bring this Cause of Action against Defendants, respectively, as set forth in paragraph

71(a)&(b).

115.    Under Clark County Code Section 4.08.040, Defendants may retain for themselves a percentage of the Combined Transient Lodging Tax they collect.

116.    Upon information and belief, Defendants retain the stated portion of the tax that they collect and, therefore, wrongfully obtain a legal benefit.

117.    Defendants collected these amounts to the detriment of Plaintiffs and the Classes, and thus appreciated the benefit.

118.    Defendants retained funds that in good conscience and equity they should not be entitled to retain.

119.    As a result, Defendants are unjustly enriched at the expense of Plaintiffs and the Classes.

120.    Defendants profit from their wrongful conduct in over-collecting and retaining the taxes. Plaintiffs and the Classes therefore seek full disgorgement and restitution of the amounts Defendants retained as a result of their unlawful and/or wrongful conduct alleged herein.

**EIGHTH CAUSE OF ACTION**
**Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.* and Fed. R. Civ. P. 57**

121.    Plaintiffs repeat and reallege paragraphs 1-120 as though fully set forth herein, and bring this Cause of Action against Defendants, respectively, as set forth in paragraph 71(a)&(b).

122.    Declaratory relief is intended to minimize "the danger of avoidable loss and unnecessary accrual of damages." 10B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2751 (3d ed. 1998).

123.    There is an actual controversy between Defendants and Plaintiffs concerning whether Defendants may collect the Clark County Combined Transient Lodging Tax on the

portion of their Resort Fees that constitute charges for Internet access.

124.    Pursuant to 28 U.S.C. § 2201, the Court may "declare the rights and legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

125.    Despite long knowing that the ITFA prohibits states and their political subdivisions from taxing charges for Internet access, Defendants have charged and continue to charge Plaintiffs and the Classes the Clark County Combined Transient Lodging Tax on the portion of their Resort Fees that constitute charges for Internet access.

126.    Despite knowing that the Clark County Code requires Defendants to refund to Plaintiffs and the Classes any amounts that Defendants over-collect for Clark County Combined Transient Lodging Tax, Defendants have failed to issue any refunds to Plaintiffs and the Classes.

127.    Based on Defendants' failure to act, Plaintiffs seek a declaration that Defendants are prohibited from charging Clark County Combined Transient Lodging Tax on the portion of their Resort Fees that constitute charges for Internet access and must refund the amounts of such tax improperly collected from Plaintiffs and the Classes.

128.    The declaratory relief requested herein will generate common answers that will settle the controversy related to whether Defendants may collect tax on charges for Internet access and whether Defendants are required to refund such tax previously collected.  There is an economy to resolving these issues as they have the potential to eliminate the need for continued and repeated litigation.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and the proposed Classes, pray for judgment against Defendants as follows:

a.   Certification of this action as a class action on behalf of the proposed Classes;

b.   Designation of Plaintiffs as Class Representatives;

c.   Appointment of undersigned counsel as Class counsel;

d.   Judgment in favor of Plaintiffs on all causes of action;

e.   Declaration that the practices complained of herein are unlawful;

f.   Injunction requiring Defendants to cease and desist from engaging in the unlawful practices alleged herein;

g.   Damages in the form of all money improperly collected or received by Defendants;

h.   Equitable relief pursuant to NEV.REV.STAT. §41.600;

i.   Disgorgement of all amounts improperly collected or received by Defendants;

j.   An award of pre-judgment and post-judgment interest as provided by law;

k.   An award of attorney fees and costs; and

l.   Any further remedy the Court may deem just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiffs hereby demand a trial by jury on all claims so triable.

Dated:   February 21, 2018                    Respectfully submitted,

/s/ Don Springmeyer
Don Springmeyer
Bradley Schrager
**WOLF, RIFKIN, SHAPIRO,**
**SCHULMAN & RABKIN, LLP**
3556 E. Russell Road, 2nd Floor
Las Vegas, Nevada 89120-2234
Tel: (702) 341-5200
Fax: (702) 341-5300
dspringmeyer@wrslawyers.com
bschrager@wrslawyers.com

Patrick Madden
**BERGER & MONTAGUE, P.C.**
1622 Locust Street
Philadelphia, Pennsylvania 19103
Tel: (215) 875-3000
Fax: (215) 875-4604
pmadden@bm.net

Stuart H. McCluer
**MCCULLEY MCCLUER PLLC**
1022 Carolina Blvd., Ste. 300
Charleston, SC 29451
Tel: (855) 467-0451
Fax: (662) 368-1506
smccluer@mcculleymccluer.com

*Counsel for Plaintiffs and the Proposed Classes*